UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

MICHAEL A. HILBER,

Plaintiff,

v.

INTERNATIONAL LINING TECHNOLOGY,

Defendant.
_______________________________________/

No. C 12-00003 LB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

[Re: ECF No. 10]

## INTRODUCTION

Plaintiff Michael Hilber, who is proceeding *pro se*, sued his former employer, Defendant International Lining Technology ("ILT"), for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Complaint, ECF No. 1. ILT moved to dismiss Mr. Hilber's complaint. Upon consideration of ILT's motion and the applicable legal authorities, the court GRANTS ILT's motion and dismisses Mr. Hilber's complaint without prejudice.[1]

## BACKGROUND

As Mr. Hilber alleges in his complaint, ILT, "a construction contracting company that installs

[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the May 24, 2012 hearing.



UNITED STATES DISTRICT COURT
For the Northern District of California

plastic lining material into earthen excavations," hired him on May 6, 2008 to perform work in Sonoma County, California. Complaint, ECF No. 1 at 2. He does not allege whether he was hired as a full-time, part-time, or temporary employee, nor does he describe the work he was hired to perform. *See generally id.*

Mr. Hilber does allege, though, that ILT discriminated against him because he is Caucasian:

> While employed by [ILT], [Mr. Hilber] experienced differential and discriminatory treatment. As an example of discriminatory treatment, [Mr. Hilber] was denied the opportunity to participate in leak testing of the installed liner. Leak testing was under the direction of an individual who was believed to speak Spanish only and [Mr. Hilber] was not considered for this task. Another task, seaming of the material, was something [Mr. Hilber] was given only brief exposure to. Another employee who spoke some English was showing [Mr. Hilber] how to seam material and [Mr. Hilber] performed this task for a while. When the job foreman, Alejandro, saw this he put an end to it and had [Mr. Hilber] return to filling sandbags and picking up trash.

*Id*. at 2-3. Mr. Hilber also alleges:

> On Wednesday[,] May 7, 2008 [Mr. Hilber] was sent home early and paid for only 4 hours, while a crew believed to be composed of Hispanics exclusively was given a full day of work. Also, work was done on Saturday[,] May 10, 2008 but [Mr. Hilber] was denied the opportunity to work that day.

*Id*. at 3.

Mr. Hilber alleges that he was terminated on May 15, 2008. *Id*. at 2. As a result, he had "to go to the bottom of the union's out of work list[, after which he] was unable to find work until October 13, 2008, thus suffering a significant period of unemployment and lost wages." *Id*.

Mr. Hilber contends that "[e]vidence suggests that [ILT] deliberately maintains an all-Hispanic, all-Spanish-speaking work crew and discourages and terminates workers who do not fit this profile in order to continue with the status quo." *Id*. In support, he alleges that on May 15, 2008, "both [he], a Caucasian, and another Caucasian, were terminated, which, [he] believes, returned the work crew to an all-Hispanic crew." *Id*.

Mr. Hilber filed his employment discrimination complaint in this court on January 3, 2012. *Id*. ILT then filed a motion to dismiss it on March 19, 2012. Motion, ECF No. 10.[2] Mr. Hilber filed an

---

[2] Throughout its motion, ILT refers to Mr. Hilber's discrimination claim as one for "reverse discrimination." *See generally* Motion, ECF No. 10. The adjective "reverse" is unnecessary. *See Bass v. Bd. of County Comm'rs, Orange County, Fla.*, 256 F.3d 1095, 1102-03 (11th Cir. 2001)



UNITED STATES DISTRICT COURT
For the Northern District of California

untimely opposition and declaration on May 7, 2012. Opposition and Declaration, ECF No. 17.[3]

**LEGAL STANDARD**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other

---

("Sometimes this type of claim, where a white employee alleges to be the victim of discrimination, is referred to as a 'reverse discrimination' claim. Whatever the rhetorical effect of that phrase in the ongoing public debate over affirmative action may be, it has no place in the legal analysis of the alleged governmental action before us. Discrimination is discrimination no matter what the race, color, religion, sex, or national origin of the victim.") (citing *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 280, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976)).

[3] This District's Civil Local Rule 7-3 requires opposition briefs to be filed and served not more than 14 days after the motion is filed and served. N.D. Cal. Civ. L.R. 7-3(a). Because ILT filed its motion on March 19, 2012 and served Mr. Hilber by mail, Mr. Hilber's opposition was due on April 5, 2012. *Id.*; *see* Fed. R. Civ. P. 6(d) (extending deadline to file responsive brief by three days when motion is served by mail). He did not file his opposition until over a month past the deadline.

facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

**DISCUSSION**

Title VII provides that:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). "The emphasis of both the language and the legislative history of the statute is on eliminating discrimination in employment; similarly situated employees are not to be treated differently solely because they differ with respect to race, color, religion, sex, or national origin." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 71, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977). "This is true regardless of whether the discrimination is directed against majorities or minorities." *Id.* at 71-72, 97 S.Ct. 2264; *see McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 278-80, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976) (the protections of Title VII apply to minority and non-minority employees alike).

Essentially, Mr. Hilber contends that he was treated differently because of his race. "A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race" or another protected characteristic. *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Ultimately, Mr. Hilber must sufficiently show that (1) he is member of a protected class, (2) he was qualified by his

position and was performing satisfactorily, (3) he was subjected to an adverse employment action, and (4) he was similarly situated to individuals outside the protected class who were treated more favorably. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *Aragon v. Republic Silver State Disposal Co.*, 292 F.3d 654, 658 (9th Cir. 2002).[4] And while Mr. Hilber's employment discrimination complaint need not contain specific facts fully establishing a *prima facie* case, it "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkievicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)); *see Twombly*, 550 U.S.at 569-70 (discussing *Swierkievicz* and explicitly not abrogating it).

Here, Mr. Hilber sufficiently alleges that he belongs to a protected class (Caucasian), but he fails

[4] Citing only Tenth Circuit and D.C. Circuit authority – and failing to cite other, contrary Circuit-level authority or relevant Ninth Circuit authority, despite Mr. Hilber's *pro se* status – ILT contends that the first element should be modified because Mr. Hilber is a non-minority plaintiff. Motion, ECF No. 10 at 3. Although the Ninth Circuit has held that discrimination cases brought by non-minority plaintiffs "fit [ ] within the analytic framework established in *McDonnell Douglas Corp. v. Green*," *Higgins v. Vallejo*, 823 F.2d 351, 355 (9th Cir. 1987), it has also noted the Circuit-split about whether courts should modify the first *McDonnell Douglas* element that the plaintiff "belongs to a racial minority" when analyzing such discrimination claims. *See Zottola v. City of Oakland*, 32 Fed. Appx. 307, 310, 2002 WL 463695, at *2 (9th Cir. 2002) (citing *Russell v. Principi*, 257 F.3d 815, 818 (D.C. Cir. 2001); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000); *Bass v. Board of County Commissioners*, 256 F.3d 1095, 1103-04 (11th Cir. 2001); *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 457 (7th Cir. 1999); *Duffy v. Wolle*, 123 F.3d 1026, 1036 (8th Cir. 1997); *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985); *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992)). *See also Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 851-52 (D.C. Cir. 2006). Some of these courts modify the first *McDonnell Douglas* element and require a non-minority plaintiff to allege "background circumstances" that show that the defendant is the unusual employer who discriminates against the majority. *See, e.g.*, *Mastro*, 447 F.3d at 851-52. Others do not modify the *McDonnell Douglas* element and require a non-minority plaintiff simply to allege that he or she is a member of a protected group, and those courts note that Caucasians are a protected group. *See, e.g.*, *Byers*, 209 F.3d at 426. The Ninth Circuit has yet to weigh in on this debate. *See Zottola*, 32 Fed. Appx. at 310, 2002 WL 463695, at *2. As such, the court will apply the traditional, non-modified *McDonnell Douglas* elements until the Ninth Circuit has a chance to address this issue. *See Lemnitzer v. Philippine Airlines, Inc.*, 816 F. Supp. 1441, 1448 (N.D. Cal. 1992) (Jensen, J.), *aff'd in part, rev'd in part on other grounds and remanded*, 52 F.3d 333, 1995 WL 230404 (9th Cir., Apr. 18, 1995) (table, unpublished decision) (noting its support for the modified element but applying traditional one because the Ninth Circuit had not decided the issue); *see also Engler v. City of San Jose*, 1995 WL 767816, at *5 (N.D. Cal. Dec. 21, 1995) (applying traditional *McDonnell Douglas* element).



UNITED STATES DISTRICT COURT
For the Northern District of California

to sufficiently allege facts to give rise to a plausible claim for employment discrimination.[4] For example, Mr. Hilber alleges that ILT hired him on May 6, 2008 to perform work in Sonoma County, California, but he does not allege whether he was hired as a full-time or temporary employee, nor does he describe the work he was hired to perform. *See generally* Complaint, ECF No. 10.[5] Simply put, without knowing what his position was, the court cannot, even at a high level, determine whether he was satisfactorily performing its required tasks. Mr. Hilber at one point alleges that he was denied an opportunity to "seam material," but the court has no idea if Mr. Hilber was hired, or was qualified, to do that. The court faces the same problem with respect to Mr. Hilber's claim that he was denied an opportunity to participate in "leak testing of the installed liner.

Similarly, Mr. Hilber alleges that he was terminated by ILT on May 15, 2008, but the court has no way of determining whether this was an adverse employment action because Mr. Hilber never alleged the terms of his employment.[6] For example, Mr. Hilber alleges that he was sent home early on May 7, 2008 and that he was denied the opportunity to work on May 10, 2008, but without knowing the terms of Mr. Hilbert's employment, the court cannot determine whether Mr. Hilber was supposed to have been able to work on those days.

Mr. Hilber also has not alleged that any "similarly situated" ILT employees who were treated

---

[4] Mr. Hilber's opposition and his declaration in support of it contain factual allegations that he did not include in his complaint. *See* Opposition and Declaration, ECF No. 17. The court cannot consider such factual allegations because, when consideration a motion to dismiss, the court is limited to the factual allegations made in the complaint. *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1997 (9th Cir. 1998) (citing *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996)). In other words, all of Mr. Hilber's factual allegations must be made in a complaint; they cannot be made in an opposition.

[5] In support of its motion, ILT submitted a declaration from its President, Mr. Michael Salley, who declares that Mr. Hilber was hired as a temporary laborer for a discrete project and that Mr. Hilber was terminated because that project was completed, not because ILT preferred non-white, Hispanic employees. Salley Declaration, ECF No. 10-1. Even if this is true, such evidence is not appropriate for the court's consideration of a motion to dismiss.

[6] An adverse employment action is one that "materially affect[s] the compensation, terms, conditions, or privileges of the [plaintiff's] employment." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1125 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
For the Northern District of California

differently than he was.[4] Generally, in the Ninth Circuit, "individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). His allegations suggest that ILT's non-white, Hispanic employees were able to "seam material" and conduct "leak testing of the installed liner" and were given the opportunity to work full days on May 7, 2008 and May 10, 2008, but he does not allege that he had a similar job or responsibilities to these non-white, Hispanic employees had or that he possessed similar training and experience to theirs. Without such allegations, the court cannot determine whether ILT inappropriately favored its non-white, Hispanic employees to him.

**CONCLUSION**

Based on the foregoing, the court GRANTS ILT's motion and DISMISSES WITHOUT PREJUDICE Mr. Hilber's complaint. Mr. Hilber may file a First Amended Complaint within 21 days from the date of this order.

This disposes of ECF No. 10.

**IT IS SO ORDERED.**

Dated: May 18, 2012

LAUREL BEELER
United States Magistrate Judge

[4] The Ninth Circuit also has stated, however, that the elements and contours of a *prima facie* case will differ according to the facts at hand and that a plaintiff may show "'an inference of discrimination in whatever manner is appropriate in the particular circumstances.'" *Hawn v. Executive Jet Mgmt*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1361 (9th Cir. 1985)). For instance, "[a] plaintiff may do so through comparison to similarly situated individuals, or any other circumstances 'surrounding the adverse employment action [that] give rise to an inference of discrimination.'" *Id.* (quoting *Peterson v. Hewlett-Packard*, 358 F.3d 599, 603 (9th Cir. 2004)). But in this case, Mr. Hilber's claim relies on comparison between him and ILT's non-white, Hispanic employees. Thus, focusing on whether Mr. Hilber has sufficiently alleged "similarly situated" employees is appropriate. *See id.* at 1156-59 (noting that "plaintiffs' case relies on a comparison between themselves and a group of female employees and therefore focusing on degree to which plaintiffs and the female employees were similarly situated).